IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RLD MINISTRY TRUST, by Trustee Rebecca-Lynn: Daugherty,
*Petitioner (Respondent in State Court),*
v.
**8214 WILSON DRIVE, LLC and ARTISAN GROUP PARTNERS, LLC and WILDEWOOD COMMONS,**
*Respondents (Plaintiffs in State Court).*
Case No. _____ (to be assigned)

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2025 MAY 12  AM 9:55

OFFICE OF THE CLERK

From County Court of Douglas County, Nebraska State Court Case No. CI 25-10478

8:25cv340

**NOTICE OF REMOVAL**
**(Filed Under 28 U.S.C. §§ 1443, 1441, 1446 with supplemental state tort claims for emotional distress and retaliatory eviction)**
NOW COMES **RLD Ministry Trust**, by and through Trustee **Rebecca-Lynn: Daugherty**, appearing **sui juris** and by Special Appearance only, and hereby gives notice of the removal of Case No. **CI 25-10478** from the **Douglas County Court, Nebraska**, to the **United States District Court for the District of Nebraska** pursuant to **28 U.S.C. §§ 1443(1), 1441(c), and 1446**, and in support thereof states:

**I. GROUNDS FOR REMOVAL**
1. The underlying state case is a landlord-tenant dispute initiated by Plaintiffs Wildewood Commons and Artisan Group Partners, LLC seeking possession of premises and alleging lease termination under Neb. Rev. Stat. § 76-1431.
2. Removal is proper under **28 U.S.C. § 1443(1)** because this case arises from and implicates **federal civil rights violations**, including:
    - Discrimination on the basis of **familial status and disability** (Fair Housing Act, 42 U.S.C. § 3604),
    - **Retaliation** for engaging in protected activities (e.g., filing complaints with the NE Attorney General, BBB, and/or HUD),
    - **Interference with emotional support animal accommodations** under federal housing regulations,
    - **Deprivation of property** without due process under the **Fourteenth Amendment**,
    - Religious discrimination and interference with ecclesiastical housing rights of a **508(c)(1)(A) religious trust**,
    - Violations of 42 U.S.C. §§ **1982** and **1983**.
3. State court proceedings have failed to afford adequate remedy or protection of these rights. The presiding county court judge has **refused to accept filings**, attempted to require counsel unlawfully, and failed to address verified federal defenses—requiring federal intervention.

**II. PROCEDURAL REQUIREMENTS**
4. This Notice of Removal is filed within **30 days** of service, satisfying **28 U.S.C. § 1446(b)**.
5. A copy of all pleadings, notices, and other documents from the state court case is attached hereto as **Exhibit A**.
6. Venue is proper in this District under **28 U.S.C. § 1441(a)** because the underlying state action is pending in **Douglas County, Nebraska**.
7. Written notice of the filing of this Notice of Removal is being served on the Plaintiffs and a **copy will be filed with the Douglas County Court** pursuant to **28 U.S.C. § 1446(d)**.

**III. REQUESTED RELIEF**
Petitioner respectfully requests that this Honorable Court:
- Assume full **original jurisdiction** over this matter under 28 U.S.C. §§ 1331 and 1343;
- Stay all further proceedings in **County Court Case CI25-10478**;
- Grant leave to proceed **in forma pauperis** and waive filing fees;
- Grant all equitable, declaratory, and injunctive relief to prevent irreparable harm to minor trust beneficiaries.

Respectfully submitted,
By Special Appearance and Reservation of All Rights,
**Rebecca-Lynn: Daugherty**
Trustee, RLD Ministry Trust



**EXHIBIT TABLE – CI 25-10478 / FEDERAL REMOVAL**
Prepared by: Rebecca-Lynn: Daugherty, Trustee, RLD Ministry Trust
Date: May 12, 2025

| Exhibit No. | Title | Description |
|---|---|---|
| A | Motion to Dismiss for Procedural Defects | Motion and memorandum citing Neb. Rev. Stat. §§ 25-1244, 25-301, 27-901, UCC Article 3 |
| B | Motion to Strike Attorney Appearance and Demand for Verified Complaint | Motion based on attorney-only complaint without verification |
| C | Judicial Notice: Real Party in Interest & Enforcement Demand | Demands disclosure of ownership and authority; cites UCC §§ 3-309, 3-401; Neb. Rev. Stat. § 25-301 |
| D | Motion to Compel Proof of Holder-in-Due-Course Standing | Seeks production of wet-ink lease, assignment chain, and enforcement rights |
| E | Judicial Notice of UCC Signature Capacity and Personal Liability Disclaimer | Cites UCC §§ 1-308, 3-401, 3-402; clarifies fiduciary-only capacity |
| F | Verified Federal Complaint and Notice of Removal  P1 *(circled)* | Filed under 28 U.S.C. §§ 1443, 1446; invokes FHA, 42 U.S.C. §§ 1982, 1983; ADA; Religious protections |
| G | Affidavit of Rebecca-Lynn: Daugherty | Affidavit verifying trust structure, ESA denial, discrimination timeline, and filing interference |
| H | ESA Documentation (Redacted Copy) | Letter from licensed therapist supporting accommodation request |
| I | Motion to Proceed In Forma Pauperis (Federal) | Seeks waiver of filing fees under 28 U.S.C. § 1915, citing trust hardship and religious context |
| J | Memorandum of Law Supporting Damages and Removal | Cites case law and statutes justifying $2M+ relief request and federal jurisdiction |

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

**RLD MINISTRY TRUST,** By Trustee Rebecca-Lynn: Daugherty,
 Petitioner / Defendant,
v.
**8214 WILSON DRIVE, LLC** and **ARTISAN GROUP PARTNERS, LLC** and **WILDEWOOD COMMONS,**
 Respondents / Plaintiffs in State Court

Case No.: (To be assigned upon docketing)  **Removed from:** Douglas County Court Case No. CI25-10478

## VERIFIED FEDERAL COMPLAINT AND STATEMENT OF CLAIMS
**(Filed in Support of Notice of Removal Under 28 U.S.C. §§ 1443, 1441, 1446)**
NOW COMES **Rebecca-Lynn: Daugherty**, Trustee of the **RLD Ministry Trust**, appearing sui juris and by special appearance only, and hereby submits this Verified Federal Complaint and Statement of Claims in support of jurisdiction, damages, and injunctive relief under federal law.

### I. PARTIES
1. **Petitioner** is a religious trustee acting on behalf of **RLD Ministry Trust**, a 508(c)(1)(A) ecclesiastical trust domiciled in Nebraska and operating as a faith-based household for the care and protection of minor beneficiaries.
2. **Respondents** are commercial real estate parties engaged in property management and landlord enforcement through Wildewood Commons and Artisan Group Partners, LLC.

### II. JURISDICTION AND VENUE
3. Jurisdiction lies with this Court under **28 U.S.C. §§ 1331 and 1343** for federal questions arising under:
   - The **Fair Housing Act**, 42 U.S.C. §§ 3601–3619;
   - **42 U.S.C. §§ 1982 and 1983** (civil rights and property protections);
   - The **First and Fourteenth Amendments** to the U.S. Constitution.
4. Venue is proper under **28 U.S.C. § 1441(a)** as the matter was removed from a state court within this district.

### III. STATEMENT OF FACTS
5. Petitioner has lawfully resided at Wildewood Commons since October 2024 under a lease held by the Trust.
6. In early 2025, after submitting complaints to the **Nebraska Attorney General, BBB**, and issuing **formal ESA documentation** from a licensed therapist, Respondents issued a **14-Day Notice to Vacate** citing DNA results from pet waste tests.
7. No photographs, affidavits, or proper service were provided. No meaningful opportunity to cure or engage in discussion occurred. The ESA documentation was **ignored** entirely.
8. This action followed multiple protected activities and communications under federal housing law and constitutes **retaliation, familial discrimination, and religious interference**.
9. The County Court failed to accept federal defenses, refused to file the Petitioner's cross-complaint, and took procedural steps that violated due process—prompting this federal removal.

### IV. CLAIMS FOR RELIEF
**COUNT I – Fair Housing Act Violation (42 U.S.C. § 3604(f))**
10. Respondents failed to reasonably accommodate Petitioner's ESA needs despite valid therapeutic documentation, violating the FHA and HUD-DOJ joint guidance.

**COUNT II – Retaliation (42 U.S.C. § 3617)**
11. Plaintiffs' notice to vacate followed protected speech, complaints, and religious trust assertions—constituting unlawful retaliation.

**COUNT III – Discrimination on the Basis of Familial Status**
12. Plaintiffs' conduct caused trauma and housing instability to Petitioner's two minor children—beneficiaries of the Trust.

**COUNT IV – Violation of 42 U.S.C. § 1983 and Fourteenth Amendment**
13. Respondents, acting under color of state process, initiated eviction without verified complaint, affidavit, service, or due process, violating constitutional protections.

**COUNT V – Violation of 42 U.S.C. § 1982**
14. Petitioner has been denied full and equal enjoyment of the leased property due to religious, parental, and disability-related factors.

**COUNT VI – Religious Interference (First Amendment)**
15. Respondents interfered with ecclesiastical housing held under a 508(c)(1)(A) structure in direct violation of Petitioner's free exercise rights.

### V. RELIEF REQUESTED
WHEREFORE, Petitioner requests that this Court:
- Assume full federal jurisdiction over this matter;
- Stay all proceedings in Douglas County Case No. CI25-10478;
- Award **no less than $1,025,000** in damages,
- Issue an injunction prohibiting any further eviction attempts;
- Order accommodation of the ESA and sealing of all public eviction records;
- Grant such other relief as this Court deems just and proper.

**VERIFICATION**

I, Rebecca-Lynn: Daugherty, swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.
Executed on: **May 12, 2025**
By: Rebecca-Lynn: Daugherty
Trustee, RLD Ministry Trust
*Sui juris | Special Appearance Only | All Rights Reserved under UCC 1-308*

## MEMORANDUM OF LAW IN SUPPORT OF DAMAGES REQUEST [In Support of Petitioner's Statement of Claims]

### I. INTRODUCTION
Petitioner, acting in her capacity as Trustee of a religious trust and sole guardian of two minor beneficiaries, seeks compensatory and punitive damages for multiple violations of federal law—including the Fair Housing Act, constitutional deprivations under 42 U.S.C. § 1983, and targeted interference with ecclesiastical housing and familial integrity. The requested award of **$2,025,000** is proportional, precedent-supported, and necessary to redress past harm, deter future misconduct, and remedy irreparable injury.

### II. GOVERNING LAW PERMITTING MONETARY RELIEF

#### A. Fair Housing Act – 42 U.S.C. §§ 3604, 3617, and 3613(c)
Under 42 U.S.C. § 3613(c)(1), prevailing parties in FHA actions may recover:
- Actual damages (economic and emotional),
- Punitive damages, and
- Injunctive relief or equitable remedies.

There is **no statutory cap** on damages under the FHA. In *Banai v. Sec'y, U.S. Dep't of Hous. & Urb. Dev.*, 102 F.3d 1203, 1207 (11th Cir. 1997), courts upheld significant emotional distress awards for FHA violations without requiring medical evidence.

#### B. Section 1983 – Constitutional Violations Under Color of State Law
Damages under **42 U.S.C. § 1983** are permitted for:
- Violation of due process rights (e.g., eviction without hearing, proper service, or verified evidence),
- Interference with religious housing (*Hosanna-Tabor Evangelical Lutheran Church v. EEOC*, 565 U.S. 171),
- Familial disruption (*Troxel v. Granville*, 530 U.S. 57), and
- Retaliation against protected expression.

Such violations routinely support **substantial awards**, especially when compounded by emotional harm, repeated misconduct, and vulnerable status.

#### C. Punitive Damages in Civil Rights Cases
Punitive damages are appropriate when defendants act "with evil motive or intent, or when [their actions] involve reckless or callous indifference to federally protected rights." (*Smith v. Wade*, 461 U.S. 30 (1983)). Courts routinely allow punitive damages **well above compensatory totals** where malicious intent or repeated violations are proven.

### III. CASE LAW SUPPORTING HIGH-VALUE DAMAGES

#### A. Gilead Cmty. Servs. v. Town of Cromwell
No. 3:17-cv-00124, 2021 Jury Verdict: **$5.2 million**
> A federal jury awarded $5M in **punitive damages** and $200K in compensatory damages for a **pattern of housing discrimination**, harassment, and emotional harm directed at protected residents in a group home. The court emphasized the town's **coordinated efforts to force removal** and **interfere with fair housing rights**.

#### B. Lesser v. Co-op Board (NY, 2023)
Judgment: **$750,000**
> ESA accommodation was denied. Plaintiff suffered emotional distress, retaliatory legal action, and public humiliation. The court awarded substantial **compensatory and reputational damages**.

#### C. United States v. Barber (W.D. Tenn. 2016)
> Court approved $100,000+ in compensatory damages for **familial status discrimination** where the landlord pressured a single mother to vacate due to her children's presence.

### IV. APPLICATION TO PETITIONER'S CLAIMS
The total damages of **$2,025,000** requested by Petitioner are **reasonable, necessary, and proportionate** to:
- Over **200 hours** of legal labor, filings, mailing, and litigation prep;
- **Seven months** of ongoing housing instability and trauma;
- Emotional damage to **two minor beneficiaries** facing displacement;
- **Complete denial of ESA rights** and refusal to engage in interactive process;
- Retaliation following **protected speech and administrative complaints**;
- Religious interference with a **508(c)(1)(A) trust** sheltering children under divine doctrine.

### V. CONCLUSION
Petitioner's damages demand falls well within the bounds of precedent and statutory authority. Courts across the country have awarded **comparable or greater sums** where families, disabled individuals, or religious entities were wrongfully displaced, retaliated against, or denied civil rights protections. Accordingly, Petitioner respectfully requests an award of:
- **$1,475,000 in compensatory damages** for financial, emotional, and spiritual harm;
- **$550,000 in punitive damages** to deter further retaliation and protect vulnerable housing populations.

Total Requested Relief: **$2,025,000.00**

**Cover Letter to U.S. District Court Clerk – District of Nebraska**

**To:** Clerk of the United States District Court
**Re:** *Notice of Removal, Verified Federal Complaint, and Motion to Proceed In Forma Pauperis*
**Date:** May 12, 2025

*[handwritten annotations: "11th floor Clerks office", "filing", "" Notice of Removal Douglas Cty "", "just delivering - stamped copies"]*

Dear Clerk of Court,

Please find enclosed the following filings in support of **removal to federal jurisdiction** from Douglas County Case No. **CI 25-10478**, pursuant to **28 U.S.C. §§ 1443, 1441, and 1446**:

1. **Notice of Removal** (with state pleadings attached as Exhibit A);
2. **Verified Federal Complaint and Statement of Claims**;
3. **Motion to Proceed In Forma Pauperis** (28 U.S.C. § 1915);
4. **Affidavit of Rebecca-Lynn: Daugherty** (trust hardship, ESA denial, protected status);
5. **Memorandum of Law Supporting Federal Jurisdiction and Damages Request**;
6. **Table of Exhibits** and **Redacted ESA Documentation**.

Petitioner respectfully certifies that these filings are made in **good faith** to protect civil rights under the **Fair Housing Act**, **42 U.S.C. §§ 1982 & 1983**, the **First and Fourteenth Amendments**, and religious trust law.

Petitioner appears **sui juris and by Special Appearance only**, for a trust sheltering minor beneficiaries, and requests that the Court accept jurisdiction and docket the matter accordingly.

Thank you for your attention to this matter.

Respectfully submitted,
**/s/ Rebecca-Lynn: Daugherty**
Trustee, RLD Ministry Trust
By Special Appearance Only – All Rights Reserved
c/o P.O. Box 694, Omaha, NE 68101
Email: rdau996@gmail.com

*[handwritten: "(16 pgs)"]*