IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| 8214 WILSON DRIVE, LLC, ARTISAN GROUP PARTNERS, LLC, and WILDEWOOD COMMONS,<br><br>Plaintiffs,<br><br>vs.<br><br>REBECCA-LYNN DAUGHERTY, as Trustee of RLD MINISTRY TRUST,<br><br>Defendant. | 8:25CV340<br><br>ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS, MOTION FOR TEMPORARY RESTRAINING ORDER, AND DETERMINATION OF SUBJECT-MATTER JURISDICTION ON REMOVAL |

This case removed from state court is before this Court on various matters, some by motion and some *sua sponte*. The matters presented by motion are a Motion to Proceed *In Forma Pauperis*, Filing 3, and an Emergency Motion for [Temporary Restraining Order (TRO)], Filing 7. The Court raises *sua sponte* the proper captioning of the case and the key issue of whether this Court has subject-matter jurisdiction over this case.

## I.   INTRODUCTION

The first filing in this case is captioned as a "Notice of Removal" in "RLD Ministry Trust, by Trustee Rebecca-Lynn: Daugherty, Petitioner (Respondent in State Court), v. 8214 Wilson Drive, LLC, and Artisan Group Partners, LLC, and Wildewood Commons, Respondents (Plaintiffs in State Court)." Filing 1. The "Notice of Removal" seeks to remove from the County Court of Douglas County, Nebraska, State Court Case No. CI 25-10478, identified as "a landlord-tenant dispute initiated by Plaintiffs Wildewood Commons and Artisan Group Partners, LLC seeking possession of premises and alleging lease termination under Neb. Rev. Stat. § 76-1431." Filing 1

1

at 1.¹ The roles of the parties are not reversed upon removal, so that the caption on this Order properly aligns the parties as they were in state court, with Daugherty as Plaintiff and 8214 Wilson Drive, LLC, Artisan Group Partners, LLC, and Wildewood Commons as Defendants. The Clerk of Court is directed to correct the case caption to show the proper alignment of the parties.

Daugherty removed this case from state court pursuant to 28 U.S.C. § 1443(1) "because this case arises from and implicates **federal civil rights violations**." Filing 1 at 1 (emphasis in the original). The federal civil rights violations allegedly at issue are discrimination on the basis of familial status and disability in violation of the federal Fair Housing Act; deprivation of property without due process under the Fourteenth Amendment; religious discrimination; and violations of 42 U.S.C. §§ 1982 and 1983. Filing 1 at 1. Daugherty asserts,

> State court proceedings have failed to afford [an] adequate remedy or protection of these rights. The presiding county court judge has **refused to accept filings**, attempted to require counsel unlawfully, and failed to address verified federal defenses—requiring federal intervention.

Filing 1 at 1 (emphasis in the original).

This case is now before the Court on Daugherty's Motion to Proceed *in Forma Pauperis*, Filing 3, and her Emergency Motion for TRO, Filing 7. The Court will consider Daugherty's Motion to Proceed *in Forma Pauperis* as a preliminary issue related to filing of the case. However, the Court will then consider *sua sponte* whether it has subject-matter jurisdiction, because a determination that the Court lacks subject-matter jurisdiction will make it unnecessary to address any other matters.

---

¹ Daugherty has failed to file with the Notice of Removal "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Thus, the removal is technically deficient, and the Court's only information about the nature of the case in state court comes from Daugherty's Notice of Removal.

2

## II. LEGAL ANALYSIS

### A. *In Forma Pauperis* Status

In both her Notice of Removal and her Motion to Proceed *in Forma Pauperis*, Daugherty asserts that she is "appearing sui juris." Filing 1 at 1 (emphasis omitted) (adding that she is appearing "by Special Appearance only"); Filing 3 at 1 (emphasis omitted) (adding that she is appearing "in her fiduciary capacity as Trustee of the RLD Ministry Trust"). Daugherty asserts that she "lacks the financial ability to pay the standard filing fee for federal civil actions" because "[s]he is a single mother of two minor children, currently facing imminent eviction due to an ongoing retaliatory action against the Trust, and [she] has exhausted all personal and trust-related resources in the defense of this matter." Filing 3 at 1 (emphasis omitted). She alleges that "[t]he Trust is a private 508(c)(1)(A) religious ministry trust, and the tenancy at issue is held in furtherance of religious, educational, and spiritual purposes." Filing 3 at 1 (emphasis omitted).

As to her financial situation, Daugherty states,

> Petitioner respectfully reserves the right to proceed sui juris and under trustee capacity, and objects to the compelled use of Form AO 239, which requests invasive personal financial disclosures inappropriate for religious trust-based filings and not required under the plain language of 28 U.S.C. § 1915(a).
>
> Nevertheless, if the Court requires such a form for processing, Petitioner requests that the financial disclosure be limited in scope to what is relevant to this case and sealed to protect the privacy of minor trust beneficiaries and spiritual governance matters.

Filing 3 at 1 (emphasis omitted). Notwithstanding her refusal to submit Form AO 239, Daugherty has submitted an affidavit indicating among other things that she is financially unable to pay the standard filing fees; that the Trust has no consistent income or tithe; that she has expended all

3

available funds and resources, both personal and fiduciary; and that she is a single mother responsible for two minor children. Filing 3 at 2.

The Court finds that Daugherty's Motion to Proceed *in Forma Pauperis* satisfies the requirements of 28 U.S.C. § 1915(a)(1) and demonstrates that Plaintiff is unable to pay the fees or give security to commence this action. Accordingly, Daugherty's Motion to Proceed *in Forma Pauperis*, Filing 3, is granted.

## Subject-Matter Jurisdiction

The Court turns next to the key issue of its subject-matter jurisdiction over this case. Federal courts "have an independent obligation to assure ourselves of subject-matter jurisdiction." *Gallagher v. Santander Consumer USA, Inc.*, 125 F.4th 865, 867 (8th Cir. 2025) (quoting *Hekel v. Hunter Warfield, Inc.*, 118 F.4th 938, 941 (8th Cir. 2024)). Consequently, the Court must *sua sponte* assess whether it has subject-matter jurisdiction over this action, even if the issue was not raised by the parties. *See Lee v. Sanders*, 943 F.3d 1145, 1148 (8th Cir. 2019) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)).

The Court concludes that the removal statute on which Daugherty relies, 28 U.S.C. § 1443(1), does not authorize removal of this case from state court to this Court. The statute provides, in pertinent part,

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]

28 U.S.C. § 1443(1). As the Eighth Circuit has reiterated in an unpublished decision,

> In order to remove under § 1443(1), the party must show reliance on a law providing for equal civil rights stated in terms of racial equality. *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). "Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." *Georgia v. Rachel*, 384 U.S. 780, 800, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966).

*Westridge Place Apartments LP v. Delph*, 744 F. App'x 333, 334 (8th Cir. 2018). In *Delph*, the Eighth Circuit concluded, "Delph has failed to make that showing here, as she has not plausibly alleged an inability to enforce a federal right in state court." *Id.*; *see also Ligon v. Bloodman*, 788 F. App'x 412, (Mem)–413 (8th Cir. 2019) ("We conclude that remand was proper because Bloodman failed to show that she met the requirements for removal under § 1443, as she did not show that, due to state law or an equivalent basis, she will be denied, or cannot enforce, her federal rights in state court." (citing *Neal*, 112 F.3d at 355).

Daugherty does not rely on any equal rights "stated in terms of racial equality." *Delph*, 744 F. App'x at 334 (citing *Neal*, 112 F.3d at 355). Instead, she alleges discrimination based on familial status, disability, and religion. Filing 1 at 1. Thus, § 1443(1) does not authorize removal of this action. *Id.* Furthermore, although Daugherty states that the county judge has refused to accept her filings, attempted to require counsel, and failed to address her federal defenses, these conclusory assertions fall well short of plausibly demonstrating that, due to state law or an equivalent basis, Daugherty will be denied, or cannot enforce, her federal rights in the state court action. *Id.*; *Ligon*, 788 F. App'x at 413. For example, Daugherty fails to explain whether the refusal to accept her attempted filings was based on procedural or legal bars or whether the state court expressly barred her from raising any federal defenses and on what grounds. Thus, removal pursuant to 28 U.S.C. § 1443(1) was improper, and the case must be remanded pursuant to 28 U.S.C. § 1447(c).

Furthermore, the Court concludes that it lacks or should decline to exercise subject-matter jurisdiction under either the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine. "The *Rooker–Feldman* doctrine states that district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings." *Neal*, 112 F.3d at 356 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983)). Here—as in *Neal*—the *Rooker-Feldman* doctrine bars this Court from exercising subject-matter jurisdiction, because the Court cannot grant Daugherty the relief she seeks "without effectively reviewing and reversing the decision[ ] of the [Nebraska] Court." *Neal*, 112 F.3d at 356. This is true where Daugherty's Emergency Motion for TRO seeks a TRO "to prevent physical eviction by county authorities under a Writ of Restitution issued in violation of federal removal jurisdiction." Filing 7 at 1.

In the alternative, *Younger* abstention is appropriate. "*Younger* abstention requires that federal courts 'abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions.'" *Arseneau v. Pudlowski*, 110 F.4th 1114, 1117 (8th Cir. 2024) (quoting *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012)). As was the case in *Neal*, the only pertinent element in dispute here "is whether there is 'an adequate opportunity in the state proceedings [for Daugherty] to raise constitutional challenges.'" *Neal*, 112 F.3d at 356–57 (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Daugherty offers a conclusory assertion that the state court judge has failed to address verified federal defenses, but she "has not pointed to any state obstacle preventing [her] from raising [her] federal claims in the state proceedings" as a matter of law. *Id.* at 357; *see also*

6

*City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966) ("Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." (citations omitted)).

Also, as a general rule, the existence of a federal defense to a claim arising under state law does not permit a party to remove the litigation. *See, e.g.*, *Magee v. Exxon Corp.*, 135 F.3d 599, 601 (8th Cir. 1998) ("Federal-question jurisdiction is not created by a federal defense, including the defense of preemption, even if the defense is the only contested issue in the case."). This principle applies even when the removal is pursuant to 28 U.S.C. § 1443(1). *See Hickey v. Duffy*, 827 F.2d 234, 239 (7th Cir. 1987). Thus, Daugherty's assertion of federal defenses does not permit removal.

Thus, the Court lacks subject-matter jurisdiction over this action and must remand it to state court without entertaining Daugherty's Motion for TRO or any of her federal claims or defenses.

### III. CONCLUSION

Upon the foregoing,

IT IS ORDERED as follows:

1. The Clerk of Court is directed to correct the case caption to show the proper alignment of the parties, as indicated in the caption to this Order;

2. Daugherty's Motion to Proceed *in Forma Pauperis*, Filing 3, is granted;

3.  Daugherty's Motion for TRO, Filing 7, is denied without prejudice for lack of subject-matter jurisdiction; and

4.  Removal of this action pursuant to 28 U.S.C. § 1443(1) was improper because the Court lacks subject-matter jurisdiction. Therefore, this case is remanded to the County Court of Douglas County, Nebraska, State Court Case No. CI 25-10478, pursuant to 28 U.S.C. § 1447(c).

Dated this 14th day of May, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge